UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENT S. GREENAWALT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NANCY J. MACK, an individual,<br><br>Defendant. | FILED March 10, 2010<br>US District Court<br>Judge Conrad<br>7-10-cv-00106<br><br>Case No. _____ |

## COMPLAINT

Plaintiff Kent S. Greenawalt, by his undersigned attorneys, DLA Piper LLP (US) and Woods Rogers PLC, for his Complaint and claims for relief against Nancy J. Mack, states and alleges as follows:

### I.   INTRODUCTION

1. On or about October 14, 2009, defendant Nancy J. Mack ("Defendant") filed a complaint against Mr. Greenawalt in the Superior Court of the State of Washington in and for King County, Case No. 09-2-37286-1 KNT ("Mack Complaint"). Ms. Mack's complaint alleged seven causes of action: (1) fraudulent or reckless inducement; (2) breach of contract; (3) breach of partnership contract; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) equitable distribution of property pursuant to dissolution of a "meretricious" or "committed intimate" relationship; and (7) promissory estoppel (collectively, the "Claims"). A copy of the Mack Complaint is attached hereto as Exhibit A.

2. On December 2, 2009, Mr. Greenawalt filed a Notice of Removal removing the Washington state court case filed by Ms. Mack to the United States District Court for the Western District of Washington at Seattle, Case No. 09 CV-1711-JCC.

WOODS ROGERS PLC
ATTORNEYS AT LAW

3. On December 9, 2009, Mr. Greenawalt filed a Motion to Dismiss for Lack of Personal Jurisdiction in the United States District Court for the Western District of Washington. Defendant Mack filed an opposition brief to Mr. Greenawalt's motion to dismiss.

4. After reviewing the filings of the parties, on March 9, 2010, United States District Court Judge John C. Coughenour dismissed the Mack Complaint in the Western District of Washington for lack of personal jurisdiction over Mr. Greenawalt.

5. The basis for Ms. Mack's Claims is the eight year non-marital cohabitation of the parties in Roanoke, Virginia. Accordingly, the United States District Court for the Western District of Virginia at Roanoke is the proper jurisdiction and venue to resolve the dispute between the parties.

6. Mr. Greenawalt seeks declaratory judgment that he is not liable for any of the contractual, tort, or equitable Claims previously asserted by Ms. Mack arising from his cohabitation with Ms. Mack in Roanoke, Virginia between approximately June 2001 and March 2009.

7. Mr. Greenawalt is entitled to declaratory judgment that his cohabitation and romantic relationship with Ms. Mack did not give rise to any contractual, tort, or equitable obligation because Virginia law does not recognize a cause of action for meretricious relationship, committed intimate relationship, breach of contract to marry, or any other contract, tort, or equitable action arising from a non-marital romantic relationship. *See* VA. CONST., art. I, § 15-A ("This Commonwealth and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance, or effects of marriage."); VA. CODE ANN. § 8.01-220 ("[N]o civil action shall lie … [for] breach of promise to marry").

## II. THE PARTIES

8. Kent Greenawalt is a resident and citizen of Roanoke, Virginia and has resided in Roanoke for twenty-one years. Mr. Greenawalt is the President of Foot Leveler's, Inc., a custom

WOODS ROGERS PLC
ATTORNEYS AT LAW

orthotics manufacturing company located in Roanoke, Virginia.

9. Nancy Mack is a resident and citizen of King County, Washington.

### III. JURISDICTION AND VENUE

10. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332 because there is complete diversity of the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11. The remedy of declaratory relief may be granted pursuant to 28 U.S.C. § 2201 because there is an actual controversy between the parties.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and because events giving rise to the claims in this case occurred in Roanoke, Virginia.

### IV. FACTS

13. On or about February 15, 2001, Mr. Greenawalt proposed marriage to Ms. Mack.

14. In or about June 2001, Mr. Greenawalt and Ms. Mack began residing together at Mr. Greenawalt's home in Roanoke, Virginia.

15. Mr. Greenawalt and Ms. Mack resided together in Roanoke, Virginia from approximately June 2001 until approximately March 2009.

16. Ms. Mack did not – and does not – own any portion of the Roanoke residence.

17. Mr. Greenawalt and Ms. Mack never married.

18. Mr. Greenawalt and Ms. Mack never held themselves out to be a married couple.

19. On a number of occasions between June 2001 and March 2009, Ms. Mack refused to set a wedding date to marry Mr. Greenawalt, and Ms. Mack refused to formalize her relationship with Mr. Greenawalt through marriage under Virginia law.

20. On or about March 20, 2009, Mr. Greenawalt ended his non-marital romantic relationship with Ms. Mack.

## V.   CAUSES OF ACTION

### COUNT 1
### (DECLARATORY JUDGMENT FOR FRAUDULENT OR RECKLESS INDUCEMENT)

21. Plaintiff incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. Ms. Mack asserted a claim against Mr. Greenawalt for fraudulent or reckless inducement arising from Mr. Greenawalt's marriage proposal, cohabitation, and his nonspecific statements of love, devotion and desire to care for Ms. Mack. Ms. Mack's fraudulent or reckless inducement claim is set forth in Exhibit A.

23. Virginia law does not recognize a cause of action for fraudulent or reckless inducement based on a marriage proposal or non-marital romantic relationship.

24. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

25. Mr. Greenawalt is entitled to a declaration that Ms. Mack's claim for fraudulent or reckless inducement is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the First Cause of Action of the Mack Complaint, which is attached hereto as Exhibit A.

### COUNT 2
### (DECLARATORY JUDGMENT FOR BREACH OF CONTRACT)

26. Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27. Ms. Mack asserted a claim for breach of contract arising from Mr. Greenawalt's marriage proposal, cohabitation, and nonspecific statements of love, devotion and desire to care for Ms. Mack.

28. Virginia law does not recognize a cause of action for breach of contract based on a marriage proposal or non-marital romantic relationship.

WOODS ROGERS PLC
ATTORNEYS AT LAW

4

29. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

30. Plaintiff is entitled to a declaration that Ms. Mack's claim for breach of contract is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the Second Cause of Action of the Mack Complaint, which is attached hereto as Exhibit A.

## COUNT 3
### (DECLARATORY JUDGMENT FOR BREACH OF PARTNERSHIP CONTRACT)

31. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. Ms. Mack asserted a claim for breach of partnership contract arising from Mr. Greenawalt's marriage proposal, cohabitation, and nonspecific statements of love, devotion and desire to care for Ms. Mack.

33. Virginia law does not recognize a cause of action for breach of partnership contract based on a marriage proposal or non-marital romantic relationship.

34. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

35. Plaintiff is entitled to a declaration that Ms. Mack's claim for breach of partnership contract is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the Third Cause of Action of the Mack Complaint, which is attached hereto as Exhibit A.

## COUNT 4
### (DECLARATORY JUDGMENT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

36. Plaintiff incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. Ms. Mack asserted a claim for intentional infliction of emotional distress arising from Mr. Greenawalt's ending his romantic relationship with Ms. Mack.

38. Virginia law does not recognize a cause of action for intentional infliction of emotional distress based on ending a non-marital romantic relationship.

39. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

40. Plaintiff is entitled to a declaration that Ms. Mack's claim for intentional infliction of emotional distress is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the Fourth Cause of Action of the Mack Complaint, which is attached hereto as Exhibit A.

### COUNT 5
### (DECLARATORY JUDGMENT FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

41. Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

42. Ms. Mack asserted a claim for negligent infliction of emotional distress arising from Mr. Greenawalt's ending his romantic relationship with Ms. Mack.

43. Virginia law does not recognize a cause of action for negligent infliction of emotional distress based on ending a non-marital romantic relationship.

44. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

45. Plaintiff is entitled to a declaration that Ms. Mack's claim for negligent infliction of emotional distress is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the Fifth Cause of Action of the Mack Complaint, which is attached as Exhibit A.

WOODS ROGERS PLC
ATTORNEYS AT LAW

## COUNT 6
### (DECLARATORY JUDGMENT FOR PETITION FOR EQUITABLE DISTRIBUTION OF PROPERTY PURSUANT TO DISSOLUTION OF A "MERETRICIOUS" OR "COMMITTED INTIMATE" RELATIONSHIP)

46. Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47. Ms. Mack asserted a claim for petition for equitable distribution of property pursuant to dissolution of a "meretricious" or "committed intimate" relationship arising from Mr. Greenawalt's marriage proposal, cohabitation, and nonspecific statements of love, devotion and desire to care for Ms. Mack.

48. Virginia law does not recognize a cause of action for petition for equitable distribution of property pursuant to dissolution of a meretricious or committed intimate relationship.

49. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

50. Plaintiff is entitled to a declaration that Ms. Mack's claim for petition for equitable distribution of property pursuant to dissolution of a meretricious or committed intimate relationship is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the Sixth Cause of Action of the Mack Complaint, which is attached hereto as Exhibit A.

## COUNT 7
### (DECLARATORY JUDGMENT FOR PROMISSORY ESTOPPEL)

51. Plaintiff incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. Ms. Mack asserted a claim for promissory estoppel arising from Plaintiff's marriage proposal, cohabitation, and nonspecific statements of love, devotion and desire to care for Ms. Mack.

WOODS ROGERS PLC
ATTORNEYS AT LAW

53. Virginia law does not recognize a cause of action for promissory estoppel based on a marriage proposal, cohabitation or romantic relationship.

54. An actual controversy has arisen and now exists between Plaintiff and Defendant relating to their respective rights and duties arising from their prior relationship.

55. Plaintiff is entitled to a declaration that Ms. Mack's claim for promissory estoppel is not cognizable under Virginia law and that no cause of action exists for the allegations made by Ms. Mack in the Seventh Cause of Action of the Mack Complaint, which is attached hereto as Exhibit A.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kent Greenawalt respectfully requests that:

1. The Court enter declaratory judgment that the Claims made by Ms. Mack do not state a cause of action;

2. The Court enter declaratory judgment that Mr. Greenawalt has no obligation to pay Ms. Mack any sum of money due to the parties' prior non-marital relationship;

3. The Court enter declaratory judgment that Ms. Mack is not entitled to an equitable distribution of Plaintiff's property, to a constructive trust on Plaintiff's property, or to any recovery whatsoever resulting from the parties prior non-marital relationship;

4. The Court award to Plaintiff his costs and attorneys' fees in this action; and

5. The Court award such other relief as the Court deems appropriate.

Dated: March 10, 2010

        Respectfully submitted,

        s/   Benjamin S. Boyd
        Benjamin S. Boyd, VA Bar # 28427
        DLA PIPER LLP (US)
        500 Eighth Street, NW
        Washington, DC 20004
        Telephone: 202.799.4502
        Fax: 202.799.5502
        benjamin.boyd@dlapiper.com

        Stellman Keehnel, Pro Hac Vice application to be submitted
        Tyson K. Harper, Pro Hac Vice application to be submitted
        DLA PIPER LLP (US)
        701 Fifth Avenue, Suite 7000
        Seattle, WA 98104
        Telephone: 206.839.4800
        Fax: 206.839.4800
        Stellman.keehnel@dlapiper.com
        Tyson.harper@dlapiper.com

        s/  William B. Poff
        William B. Poff, VA Bar # 3477
        Mark D. Loftis, VA Bar # 30285
        WOODS ROGERS PLC
        10 South Jefferson Street
        Suite 1400
        Roanoke, VA 24011
        Telephone: (540) 983-7600
        Fax: (540) 983-7711
        poff@woodsrogers.com
        conte@woodsrogers.com

        *Attorneys for Kent Greenawalt*