# EXHIBIT A

FILED
09 OCT 14 PM 3:13

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-37286-1 KNT

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NANCY J. MACK, individually, <br><br> Plaintiff, <br><br> vs. <br><br> KENT S. GREENAWALT, individually, <br><br> Defendant. | No. <br><br> COMPLAINT |

COMES NOW Plaintiff, Nancy Mack, by and through her attorneys of record, John R. Eltringham, Esq. and Argento International Law Firm, and Paula A. Argento, Esq.,( *pro hac vice* application pending), for causes of action against defendant and pleads and alleges as follows:

## I. PARTIES AND JURISDICTION

1.1.  Nancy Mack, a single person and 46 years old, is a resident of King County, Washington. Ms. Mack currently lives with her parents, Mary Jane Mack and John Mack in Ravensdale. Ms. Mack grew up in the state of Washington, and has many friends and colleagues here, as well as a very close family. From 1995 through June 2001, Ms. Mack was a full time office manager for her mother's alternative health care practice in Issaquah, Washington.

1.2  Kent S. Greenawalt is a resident of the State of Virginia, to the best of Plaintiff's knowledge and belief. He is the President and primary shareholder of Foot Leveler's, Inc., a custom orthotics manufacturing company located in Roanoke, Virginia.

COMPLAINT - 1

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

1.3     Defendant courted Plaintiff from September 1998-through February 15, 2001 in King County, Washington. which is where Plaintiff resided.

1.5     Defendant proposed marriage to Plaintiff on February 15, 2001 in King County, Washington.

1.6     From the time of Defendant Greenawalt's marriage proposal in King County, Washington on February 15, 2001 until some time in June 2001, Defendant and Plaintiff Mack made plans in King County, Washington, to begin a "meretricious" or "committed intimate" relationship. Defendant and Plaintiff stayed together openly in Plaintiff's family home.

1.7     In June 2001, Plaintiff Mack began to live with Defendant Greenawalt in Roanoke, Virginia continuously for approximately eight years. They shared a residence in Roanoke, Virginia, and eventually obtained a second residence, which they shared in Las Vegas Nevada.

1.8     During the eight years in which Plaintiff cohabitated with the defendant, she retained her Washington State driver's license and returned to King County, Washington about once per month.

1.9     Jurisdiction is proper pursuant to RCW 4.28.185. with respect to all claims and also pursuant to RCW 26.12.010, by analogy to marriage, with respect to Count Five.

1.10    Notarized declarations of Plaintiff, Dr. Mary and John Mack, Dr. Monte Littell, Jason Trenkle and Maria Fox are attached. Attached to this Complaint. A copy of the Kent Greenawalt Will Plan is also attached to the Complaint. The notarized declarations of Rex Maurer, Sherry Conlon, Don Sartell, Mark Wright and Marcia Wright have also been obtained by the Plaintiff and will be filed in supplement to the Complaint. The declarations support the jurisdiction of the Court for the Complaint, and support the granting of causes of action in favor of the Plaintiff.

COMPLAINT - 2

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

## II. FACTS

2.1     Paragraphs 1.1-1.9 are incorporated by reference and repeated herein.

2.2     From 1995 through June 2001, Ms. Mack was employed full time in a family business in King County, WA.

2.3     Ms. Mack has maintained a Washington state driver's license since 1979 and has voted in Washington State in elections approximately 5 times over the past ten years.

2.4     From September 1998 through February 2001, Defendant Greenawalt, began to court Plaintiff in King County, Washington. During this time period, Defendant flew to Seattle on numerous occasions to date Plaintiff. During these trips, Defendant stayed at the Mack family home and participated in an open romantic relationship.

2.5     During the time period in which Defendant courted Ms. Mack in King County, Washington, Defendant made many representations to Plaintiff and to her parents and friends that he loved her and also he would take care of her for the rest of her life.

2.6     On February 15, 2001, Defendant Greenawalt proposed marriage to Plaintiff at Jaks restaurant in Issaquah, giving her a 5.3 carat flawless "D" color diamond ring. The parties subsequently agreed that Plaintiff would share a home with Defendant in Roanoke, Virginia, provided, among other things, that Plaintiff would fly back monthly to her home with her family in King County.

2.7     Defendant again and continually through the relationship, Defendant promised Plaintiff and her family that he would always love her and also would take care of her in the style to which he had demonstrated to her and her family, and which he could afford.

2.8     The parties cohabitated from June 2001 to March 20, 2009. During the course of their cohabitation, Defendant characterized Plaintiff as the "love of his life" and the "First Lady of Foot Levelers" to friends, family, business colleagues and employees.

COMPLAINT - 3

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

2.9     Plaintiff decorated and managed the parties' 20,000 sq. foot home in Roanoke, Virginia, and later, at Defendant's urging, the $5m luxury condominium which became their second home in Las Vegas. Plaintiff advised defendant on executive level business dealings, took care of Defendant's teenage daughters in a "step-mom" capacity, and hosted high level political and business events on Defendant's behalf.

2.10    In February 2009, at an annual awards banquet for Foot Levelers, Inc., Defendant Greenawalt repeated to over 200 people, as he had often done over the past eight years of their relationship, that Plaintiff was the "love of his life" and the "First Lady of Foot Levelers."

2.11    On March 20, 2009, without any warning, Defendant Greenawalt coldly and abruptly terminated the relationship on March 20, 2009, giving Plaintiff 48 hours to pack her belongings, and cutting off the credit cards and bank account they had shared. Defendant Greenawalt called in a Vice President of his company to make sure that Plaintiff was escorted out the door.

2.12    As a proximate result of Defendant Greenawalt's cold and cruel actions as described in Paragraph, 2.10, *supra*, Plaintiff suffered and is presently suffering severe financial and emotional distress.

### III.    CAUSES OF ACTION

3.1     Paragraphs 1.1 through 2.12 are incorporated by reference and referred to herein.

### FIRST CAUSE OF ACTION:
### FRAUDULENT OR RECKLESS INDUCEMENT

3.2     While present in King County, Washington on several occasions prior to June 2001, Defendant Greenawalt represented to Plaintiff and to her parents that he was in love with Plaintiff, that he wanted to marry her, and that he would continue to care for her for the rest of her life in the manner

COMPLAINT - 4

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

and style in which he had demonstrated both to Plaintiff and to her parents. Defendant Greenawalt also represented to Plaintiff and to her parents that she would forever be part of his personal and professional world. Defendant continuously made such representations from February 15, 2001 through February 2009. He also continually took action and made statements to Plaintiff and to her family that implied that the representations set forth herein were true.

3.3   As a result of Plaintiff's reliance on and belief in the representations made by Defendant Greenawalt to her and to her family, Plaintiff agreed to cohabitate with Defendant Greenawalt in Roanoke, Virginia, with the mutual understanding that she would return to King County, Washington about once a month to visit her family.

3.4   Certain of Defendant Greenawalt's continuing representations to Plaintiff involved his will plan. After the parties began cohabitating, Defendant directed his tax attorney, Kendall Brown, prepare a will plan that left substantial cash assets and the home in Roanoke to Plaintiff. Plaintiff was to receive a certain sum if she did not marry Defendant, and a much greater sum if she did marry Defendant.

3.5   After the 2007 purchase of the Las Vegas condominium as an additional residence, Defendant Greenawalt revised the will plan to add the Las Vegas condominium as an additional asset to be left to Plaintiff. Defendant also removed the condition of marriage and provided that Plaintiff would receive the larger sum of money, regardless of marriage.

3.6   Once again, in October 2008, the will plan was revised to add a trust for Plaintiff's niece, Reilly Jane. Kendall Brown advised Plaintiff's parents that they should not leave anything to Plaintiff, but instead leave everything to Reilly Jane because Defendant had "substantially taken care of" Plaintiff and this would further Defendant's will plan.

COMPLAINT - 5

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

3.7     As a result of and in reliance upon Defendant's representations, and the continuous representations and actions of Defendant Greenawalt over the course of their relationship, Plaintiff continuously cohabitated with Defendant for eight years, designing and decorating their homes, first in Roanoke, and later in Las Vegas.

3.8     As further a result of Defendant's representations, Plaintiff continuously supported Defendant, both personally and professionally for over eight years, providing emotional stability and support for Defendant in all of his family matters, and providing professional support in executive matters relating to Foot Leveler's, Inc. and to Defendant's and Foot Leveler's status in the alternative medicine and chiropractic industries.

3.9     The representations made by Defendant Greenawalt to Plaintiff in Paragraph 3.2, and the repeated representations made over the course of their relationship, were either false or reckless when made, were known by the Defendant to be false or reckless, and were made by Defendant Greenawalt to fraudulently and/or recklessly induce Plaintiff to cohabitate with him in Roanoke, and later in Las Vegas, and to leave her settled family and professional life in King County, Washington, to spend substantial time with him.

3.10    Defendant Greenawalt further falsely and/or recklessly represented to Plaintiff that she could and should return to King County, Washington to visit her family once per month **forever**. By paying for Plaintiff's monthly travel expenses to visit King County, Washington Defendant reinforced Plaintiff's belief that he would love her, marry her and take care of her forever.

3.11    As a result of Defendant Greenawalt's fraudulent and/or reckless representations, Nancy Mack was induced to stay with Defendant Greenawalt in lieu of (1) having children of her own; (2) marrying another individual who might have had considerable means; (3) having a career of her

COMPLAINT - 6

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

own separate and apart from the Foot Leveler's company; and (4) establishing her own home and property interests.

3.12 As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the cash amount of the greater of $35 million dollars or one half of the assets earned by the Defendant during the course of their eight year relationship. She has also been barred from the use of her homes and vehicles, and the joint bank and credit card accounts which she and Defendant shared. She has also been embarrassed in personal and professional relationships that they shared.

## CAUSE OF ACTION NO. 2:
## BREACH OF CONTRACT

3.13 Following the engagement on February 15, 2001 of the parties, which occurred in Issaquah, WA, the parties entered into a verbal and/or implied contract to govern whether or not they would continue their engagement and whether the Plaintiff would leave her family and her professional life in King County, Washington to cohabitate with Defendant at the Roanoke home.

3.14 Pursuant to the provisions of the contract, as agreed by these parties, Plaintiff agreed:

(1) Plaintiff would build and maintain a homelike and a socially supportive environment for Defendant in Roanoke and in any other residences they might acquire and that Plaintiff would manage and decorate any homes in consultation with Defendant;

(2) Plaintiff would hold herself out professionally as part of Foot Leveler's, and support Defendant in all executive, professional, promotional and employment matters of the company;

(3) Plaintiff would engage in social, executive and political functions as Defendant's partner and hostess of the home and business.

COMPLAINT - 7

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

(4) Plaintiff would support Defendant with respect to all matters related to his side of the family, including his father, and daughters, and that Plaintiff would host Defendant's daughters from a previous marriage on a regular basis and serve as a supervisory adult as well as a supportive "step-mom;"

3.15  Pursuant to the provisions of the contract, as agreed by these parties, Defendant agreed:

:        (1) Plaintiff would share his life, including his material assets forever and that he would always take care of her in the manner and style of which he had demonstrated to her and her family;

(2) The parties would forever be part of the same "team" and that no one would every come between them;

(3) Plaintiff would be part of Defendant's personal and professional life forever, and she would travel with Defendant, entertain on Defendant's behalf and/or assist in Defendant's business and professional life; and

(4) Defendant agreed to support Plaintiff in matters related to her family, and specifically, Defendant also promised Plaintiff that she could fly to Seattle once a month, at his expense, to see her family, provided that she make his schedule a priority.

3.16  Defendant also promised Plaintiff that he would continue to take care of all household expenses in the same manner in which he had demonstrated to her and her family, her health, car and life insurance, clothing, vacations, professional trips, any and all expenses of Plaintiff and their shared business and household.  He also promised to give Plaintiff the gift of a red BMW convertible to drive in Roanoke because she would be giving up her car in King County, Washington.

3.17  From June 2001 through March 2009, Plaintiff performed on all of her conditions of the contract with Defendant In February 2009, at a Foot Leveler awards banquet, Defendant introduced

COMPLAINT - 8

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

her as he had done for eight year's previously as the "love of his life" and the "First Lady of Foot Levelers."

3.18    In March 2009, Plaintiff hosted an elegant cocktail party for high level chiropractic college executives, as always promoting Defendant and Foot Leveler's.

3.19    On March 20, 2009, Defendant Greenawalt cruelly and without notice terminated the contract he and Plaintiff had made, cutting off the bank and credit card accounts they jointly shared, and turning her out of both the homes they shared. He also denied her access to the BMW he had given her to come to Roanoke in 2001 and the Bentley he had given her as a Valentine's Day present in 2007. Plaintiff Mack returned to her parents' home in King County, Washington because she had no where else to go.

3.20    Defendant Greenawalt blatantly ignored his promise to continue to take care of Plaintiff, forever, in the manner and style he had demonstrated to her and induced her into the contract.

3.21    Defendant Greenawalt has materially breached the contract he made with Plaintiff Mack in early 2001 in King County, Washington, by failing to provide for her in the substantial way he promised her for life, by denying her access to the homes he promised she would have forever, by withholding access to her cars and the accounts they shared, and by causing her consequential damages of severe emotional, financial and professional harm.

### CAUSE OF ACTION NO. 3
### BREACH OF PARTNERSHIP CONTRACT

3.22    Paragraphs 1.1-3.21 are incorporated by reference and repeated herein.

3.23    Defendant Greenawalt and Plaintiff Mack intended by their contract to also enter into a partnership, as demonstrated by Defendant Greenawalt's initial and frequent representations that he intended Plaintiff and he to be a "team." The partnership was both financial and emotional in nature.

COMPLAINT - 9

3.24    The seriousness of the partnership is demonstrated by Defendant continually upgrading and including his will plan, not only for Plaintiff, but also for her niece, Reilly Jane. Further, Defendant's tax lawyer discussed with Plaintiff that she would serve as trustee on a Greenawalt family foundation with Defendant's two daughters. As further evidence of the partnership, Defendant continually referred to Plaintiff as the "First Lady of Foot Leveler's to business colleagues and third parties.

3.25    Defendant Greenawalt and Plaintiff Mack entered into this partnership in King County, Washington, one year and one half after they became romantically involved. Their romantic involvement and subsequent ongoing partnership has been well observed by Plaintiff's family and friends.

3.26    By entering into a partnership agreement with Plaintiff Mack, Defendant Greenawalt became a fiduciary to Plaintiff Mack, as she became a fiduciary to him. By cruelly and abruptly terminating this partnership on March 20, 2009, Defendant Greenawalt has breached this fiduciary relationship as well as the partnership contract, causing Plaintiff Mack grave financial and emotional harm.

## CAUSE OF ACTION NO. 4
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

3.27    Defendant cruelly, abruptly, and intentionally terminated the parties' eight year cohabitation and engagement on March 20, 2009, by demanding that Plaintiff move out of the Las Vegas residence they shared within 48 hours, and then demanding that she immediately move out of their Roanoke residence they had shared for eight years, by cutting off the substantial financial support he had promised her forever, and by cutting off the professional, social and family ties they had shared

COMPLAINT - 10

for more than 10 years, Defendant Greenawalt engaged in extreme and outrageous conduct that is beyond the bounds of decency.

3.28   Defendant's cruelty is compounded by the fact that only one month earlier, in February 2009, he held Plaintiff out as the "love of his life" and the "First Lady of Foot Levelers" to 200 employees, their families and executives at the annual Foot Leveler awards banquet, as he had done for almost the past eight years.

3.29   Defendant's cruelty is further compounded by the continuous representations he made to Plaintiff and to her parents that he would always take care of Plaintiff in the style and manner to which he repeatedly demonstrated to all of them.

3.30   Plaintiff Mack loved and trusted Defendant Greenawalt. Plaintiff's parents treated him like a son. Plaintiff Mack suffered shock and severe emotional distress as a result of Defendant Greenawalt's egregious actions. As a testament to the extreme cruelty caused to Plaintiff, Defendant Greenawalt texted Plaintiff in Roanoke as she was packing to fly back to her parents, that "yes [I am treating you like an employee] – just kidding." Plaintiff Mack has experienced severe emotional pain from the separation from Defendant, and from the financial devastation his actions have caused her.

3.31   Further, there are rumors circulating the Las Vegas Condominium where Defendant and Plaintiff lived that Plaintiff "cheated" on Defendant. These rumors are patently false and are severely painful to Plaintiff.

3.32   Defendant Greenawalt has intentionally and cruelly inflicted severe emotional and financial distress upon Plaintiff Mack, and she has actually suffered severe emotional and financial distress as a result of his actions.

COMPLAINT - 11

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

# CAUSE OF ACTION NO. 5
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

3.33   Paragraphs 1.1-3.32 are repeated and incorporated herein by reference.

3.34   Defendant Greenawalt continually and consistently over a period of ten years promised Plaintiff Mack and her family that he would love her and take care of her forever, and that he would take care of her in the manner in which his lifestyle and status could afford. Defendant Greenawalt also continually and consistently told Plaintiff that they were a "team" and that he loved her. Plaintiff loved and trusted Defendant.

3.35   It was foreseeable to Defendant, and he knew or should have known, that his consistent and continuous representations to Plaintiff and to third parties as described in Paragraph 3.35, would be relied on by Plaintiff and that she would structure her plans in accordance with Defendant's promises to her and the agreement into which she entered with Defendant..

3.36   Defendant Greenawalt had a duty to refrain from conduct that would forseeably harm Plaintiff. Defendant Greenawalt engaged in such conduct that did in fact cause Plaintiff severe financial and emotional harm.

# CAUSE OF ACTION NO. 5
## PETITION FOR EQUITABLE DISTRIBUTION OF PROPERTY PURSUANT TO DISSOLUTION OF A "MERETRICIOUS " OR "COMMITED INTIMATE RELATIONSHIP"

3.37   Plaintiff and Defendant began an open romantic relationship in Kings County in October 1998. The relationship developed over this time period through Plaintiff Mack's engagement to Defendant Greenawalt in Issaquah on February 15, 2001 into a "meretricious" or "committed intimate" relationship which commenced in King County.

3.38   In June 2001, Plaintiff Mack began to live with Defendant Greenawalt continuously for approximately eight years. They shared a residence in Roanoke, Virginia, a 20,000 square foot home,

COMPLAINT - 12

for all of the eight years, which they gutted and redecorated from 2005-2006. Plaintiff was substantially responsible for this redecoration.

3.39   In June 2007, at Defendant Greenawalt's urging, the parties acquired and shared a second residence in Las Vegas Nevada, a luxury 6500 sq. foot condominium at the Turnberry Place, with a private pool and private dog walk. At Defendant's urging, Plaintiff Mack managed the entire build out and elegant decoration of this residence, with a $2 million dollar budget, of which Defendant Greenawalt insisted.

3.40   Plaintiff Mack is currently a resident of the state of Washington. During the period of her mutual cohabitating relationship with Defendant Greenawalt, Plaintiff Mack maintained her Washington State driver's license. She had lived full time in the state of Washington for 36 years at the time she and the Defendant began their relationship.

3.41   After Plaintiff began to live with Defendant in Roanoke in June 2001, pursuant to agreement of the parties, Plaintiff typically flew back to King County, Washington monthly, to stay with her parents.

3.42   Plaintiff and Defendant's relationship clearly satisfy the standards set forth in Connell v. Francisco, 127 Wash.2d 339, 346 (1995) for a "meretricious relationship, or "commited intimate relationship. The notarized declarations of Plaintiff, John and Mary Jane Mack, Dr.Monte Littell, Jason Trenkle and Maria Fox all support this finding, as do the additional five notarized declarations that have been obtained and will be provided in supplement to this Complaint. Further the above declarations represent individuals who observed Plaintiff and Defendant on numerous occasions from the locales of each of King County, Las Vegas, and Roanoke.

3.43   Jurisdiction exists under RCW 4.28.185., as the agreement to enter into a "committed intimate relationship" occurred in Washington State, the couple held themselves out in Washington

COMPLAINT - 13

state as having a committed intimate relationship, staying at Ms. Mack's home and her parents in King County, Washington. Ms. Mack currently resides in King County, Washington, and pursuant to RCW 26.12.010, by analogy to marital dissolution, Ms. Mack may bring a claim for distribution of assets pursuant to the dissolution of a meretricious or "committed intimate relationship."

3.44  Plaintiff accordingly requests a hearing to determine an equitable distribution of all assets that have come into the relationship, exclusive of gifts, inheritance and prior owned property under the standards of Connell. In anticipation of such hearing, Plaintiff claims a presumption of a right to one half of all such assets. Plaintiff also seeks an accounting and an independent appraisal of such assets.

## COUNT SIX
## PROMISSORY ESTOPPEL

3.45. Paragraphs 1.1-3.35 are incorporated by reference and repeated herein.

3.46  After a one and one half year open and romantic courtship between Defendant and Plaintiff in King County, Washington, the parties became engaged on February 16, 2001 in King County, Washington.

3.47  After the courtship and engagement, Plaintiff relied on Defendant's representations, made in King County Washington, which were designed to induce her to leave her family and friends and cohabitate with him in Virginia. Plaintiff relied on Defendant's representations, made in King County, Washington, in making a determination to live with Defendant in Roanoke, Virginia.

3.48  Defendant Greenawalt is accordingly estopped from denying the truth of these statements, and is responsible for all damage caused as a result of such statements and Plaintiff Mack's reliance.

COMPLAINT - 14

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

## IV.   DAMAGES

4.1   Paragraphs 1.1-3.48 are incorporated by reference and repeated herein.

4.2   As a proximate result of the actions of Defendant, Plaintiff suffered both special and general damages as follows:

    4.21   Severe emotional distress

    4.22   Loss of opportunity

    4.23   Lost income, both past and future;

    4.24   Harm to reputation

    4.26   Healthcare expenses, both past and future;

    4.27   Loss of personal and real property;

    4.28   Loss of support

    4.29   Loss of social standing and social and business relationships.

## V.   PRAYER FOR RELIEF

5.1   Paragraphs 1.1-4.29 are incorporated by reference and repeated herein.

**WHEREFORE**, Plaintiff seeks:

    5.1.1 the greater of $35 million dollars cash damages, or one half of the assets earned or acquired by Defendant during their eight year cohabitating relationship from June 2001 through March 20, 2009, including salary, investment or other income; and an independent accounting and appraisal of such assets;

    5.1.2 the imposition of a constructive trust in her favor upon the Roanoke home and parcels surrounding such home, the Las Vegas condominium, and the furniture and fixtures therein; and upon any other real estate and material personal assets acquired during the course of their relationship;

COMPLAINT - 15

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340

     5.1.3 The return of all gifts improperly held by the Defendant which were given to Nancy Mack, during the course of their relationship, including by not limited to: a red BMW convertible, a convertible Bentley, and various works of art.

     5.1.4  Punitive damages;

     5.1.5  Attorneys fees, where applicable; and

     5.1.6  For such other equitable relief as the Court deems just and proper.

DATED this 13th day of October, 2009.

Respectfully submitted,

/s/
_____
John Eltringham, Esq.
24104 39th Lane SE
Bothell, WA 98021
Office 206-650-6560
Fax: 206-770-6340

LOCAL COUNSEL
WSBA# 27810

/s/
_____
Paula Argento, Esq.
Partner
Argento International Law Firm
1929 18th St., NW #1101
Washington, DC 20009
Office: 202-538-2473
Fax: 202-355-6344

Pro Hac Vice Counsel, Application Pending
District of Columbia Bar# 357964

COMPLAINT - 16

JOHN R. ELTRINGHAM
ATTORNEY AT LAW
24104 39th Lane SE
Bothell, WA 98021
(206) 650-6560 fax (206) 770-6340